J-S09013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BARTON PATRICK JONES, | : | |
| | : | No. 1670 MDA 2017 |
| Appellant | : | |

Appeal from the Judgment of Sentence October 4, 2017
in the Court of Common Pleas of Franklin County
Criminal Division at No.:  CP-28-CR-0000376-2015

BEFORE:   GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED MARCH 27, 2018**

Appellant, Barton Patrick Jones, appeals from the judgment of sentence imposed following his jury conviction of one count each of third-degree murder, abuse of a corpse, false report to law enforcement authorities, tampering with physical evidence, and two counts of criminal conspiracy.[1] Appellant challenges the sufficiency of the evidence supporting his third-degree murder conviction.  We affirm.

This case arises from the shooting death of Lucas Coons.[2]  We take the following facts and procedural history from our independent review of the certified record.  On the night of November 24, 2014, Coons told his friend,

---

[1] 18 Pa.C.S.A. §§ 2502(c), 5510, 4906(a), 4910(1), and 903, respectively.

[2] The victim's surname has alternate spellings in the record; we have taken the predominate spelling.

---

*   Retired Senior Judge assigned to the Superior Court.

Tyler Larson, that he was going to purchase oxycodone pills using counterfeit money, and that he had done this once before. Larson unsuccessfully attempted to dissuade Coons from moving forward with this plan.

Coons went to Appellant's home to purchase the pills, and met with him in the basement. Appellant confirmed that he had the drugs, and Coons handed him the counterfeit cash. The men argued about the counterfeit money, and Appellant pulled a loaded gun from his front pocket. Appellant shot Coons, causing him to sustain a contact wound to the center of his chest. Appellant then asked his adult son, Patrick Holden, who lived with him and was home at the time, to help him move Coons' body and clean up the blood. They loaded Coons' body into Coons' car, and Appellant drove away.

Appellant parked in a restaurant parking lot, and, using a disposable telephone, made a false report to 911 of men fighting. He abandoned the vehicle and walked to his girlfriend's home. He then returned to his house and disposed of Coons' shoes in a dumpster, tore up the counterfeit money and let it blow out of his car window, and drove up the interstate and threw his gun in a river. The following morning, Appellant told Holden to "say [Appellant] was upstairs in the kitchen cooking that night[,]" if anyone asked, and indicated that Coons had "mess[ed] with [his] livelihood." (N.T. Trial, 8/29/17, at 60; *see id.* at 61-62). Appellant turned himself into authorities on December 4, 2014, after he learned that a warrant had been issued for his arrest.

On August 31, 2017, at the conclusion of a three-day trial, the jury found Appellant guilty of the above-listed offenses.[3]  On October 4, 2017, the trial court sentenced Appellant to an aggregate term of not less than 342 nor more than 720 months' incarceration.  This timely appeal followed.[4]

Appellant raises one question for our review:  "Was the evidence produced at trial sufficient to support Appellant's conviction for third degree murder?"  (Appellant's Brief, at 7).  Appellant challenges the element of malice, arguing that the testimony showed only that the shooting was an unintended accident.  (*See id.* at 10-12).  He maintains that, although he brandished a handgun during the incident with Coons, he did not have any desire to fire it, where members of his family were in and around his home. (*See id.* at 11).  This issue does not merit relief.

> Our review of a challenge to the sufficiency of the evidence is well settled.  Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary.
>
> > Our standard of review in a sufficiency of the evidence challenge is to determine if the Commonwealth established beyond a reasonable doubt each of the elements of the offense, considering all the evidence admitted at trial, and drawing all reasonable inferences therefrom in favor of the Commonwealth as the verdict-winner.  The trier of

---

[3] Prior to sentencing, Appellant entered a guilty plea to one count of person not to possess a firearm, 18 Pa.C.S.A. § 6105(a)(1).

[4] Appellant filed a timely, court-ordered concise statement of errors complained of on appeal on November 8, 2017.  The trial court issued an opinion on November 28, 2017.  *See* Pa.R.A.P. 1925.

fact bears the responsibility of assessing the credibility of the witnesses and weighing the evidence presented. In doing so, the trier of fact is free to believe all, part, or none of the evidence.

The Commonwealth may sustain its burden by means of wholly circumstantial evidence.

*Commonwealth v. Jones*, 172 A.3d 1139, 1142 (Pa. Super. 2017) (citations and quotation marks omitted).

Third-degree murder is defined [as] all other kinds of murder other than first degree murder or second degree murder. The elements of third-degree murder, as developed by case law, are a killing done with legal malice.

Malice exists where there is a particular ill-will, and also where there is a wickedness of disposition, hardness of heart, wanton conduct, cruelty, recklessness of consequences and a mind regardless of social duty.

Malice is established where an actor consciously disregard[s] an unjustified and extremely high risk that his actions might cause death or serious bodily harm. Malice may be inferred by considering the totality of the circumstances.

*Commonwealth v. Golphin*, 161 A.3d 1009, 1018 (Pa. Super. 2017), *appeal denied*, 170 A.3d 1051 (Pa. 2017) (citations and quotation marks omitted).

"Malice may [also] be inferred from the use of a deadly weapon on a vital part of the victim's body." *Commonwealth v. Truong*, 36 A.3d 592, 598 (Pa. Super. 2012) (*en banc*), *appeal denied*, 57 A.3d 70 (Pa. 2012) (citation omitted).

Here, the record reflects that Appellant armed himself with a loaded gun before he met with Coons to sell him pills. (*See* N.T. Trial, 8/31/17, at 36,

- 4 -

40, 64). When the transaction soured, Appellant shot Coons, with the gun physically touching Coons' chest, injuring his heart, aorta, and lungs, killing him immediately. (*See id.* at 13-14, 16-18). After the shooting, Appellant abandoned Coons' body in a parking lot and made a false report to authorities. (*See id.* at 44-45). Appellant then took several deliberate steps to rid himself of evidence related to the shooting, by disposing of Coons' shoes, destroying the counterfeit money, throwing the gun in a river, and directing Holden to clean up the blood. (*See id.* at 46-47, 49-50; N.T. Trial, 8/29/17, at 58). Appellant also manufactured an alibi (cooking) and indicated to Holden that Coons was interfering with his livelihood. (*See* N.T. Trial, 8/29/17, at 60-62).

After considering the evidence and drawing all reasonable inferences therefrom in favor of the Commonwealth as verdict-winner, we conclude that the evidence was sufficient to prove that Appellant acted with the requisite malice to sustain his conviction for third-degree murder. *See Jones*, *supra* at 1142; *Golphin*, *supra* at 1018. Although Appellant testified that he discharged the gun accidentally, (*see* N.T. Trial, 8/31/17, at 40-41, 64), the jury was free to assess his credibility, and to disbelieve his testimony. *See Jones*, *supra* at 1142. The totality of the circumstances clearly demonstrate that Appellant consciously disregarded an unjustified and extremely high risk that his actions might cause death or serious bodily harm when he used a deadly weapon—his gun—on a vital part of the Coons' body—the center of his chest. *See Golphin*, *supra* at 1018; *Truong*, *supra* at 598. Therefore,

Appellant's sole issue on appeal lacks merit. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/27/2018